IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- X
Polygon Studios Labs, Inc.,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　**Civil Action No. _____**
　　　　v.　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　**JURY TRIAL DEMANDED**
Polygon.io, Inc.,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
---------------------------------------------------------------- X

**COMPLAINT FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT OF TRADEMARK**

Plaintiff Polygon Studios Labs, Inc. ("Polygon Studios"), by its undersigned attorneys, brings this action against Defendant Polygon.io, Inc. ("IO") and alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief with respect to all others:

**NATURE OF ACTION**

1. Polygon Studios brings this action for a declaratory judgment that its use of the POLYGON STUDIOS mark for its marketing and business development activities in relation to the POLYGON-branded blockchain technology developed by third party Matic Network BVI Ltd. ("Matic Network") does not infringe any trademark rights that IO holds.

2. Defendant IO claims to own rights in the trademarks POLYGON and POLYGON.IO (together, the "IO Marks") for its subscription-based software service that provides stock market and other financial data to its customers. IO has begun a campaign to enforce its purported rights in the IO Marks against third parties using the word POLYGON as part of their brand, including by filing a lawsuit in the U.S. District Court for the Northern

District of Georgia against Matic Network and other persons and entities that IO alleges are affiliated with Matic Network (collectively, the "Matic Defendants"). IO alleges that their use of the trademark POLYGON in relation to blockchain technology solutions infringes IO's rights in the IO Marks for the provision of financial markets data.

3. IO's complaint against the Matic Defendants in Georgia specifically references Polygon Studios and its Chief Executive Officer, Ryan Wyatt, and wrongly attributes to the Matic Defendants various U.S.-based transactions and activities that are actually Polygon Studios' activities. IO alleges that use of the POLYGON STUDIOS mark infringes IO's trademark rights. While IO has not yet sued Polygon Studios, its allegations in the Georgia action necessarily imply and convey that it believes Polygon Studios is infringing the IO Marks and the suit gives rise to a reasonable apprehension that IO intends to sue Polygon Studios for trademark infringement. Polygon Studios is not infringing IO's trademark rights and need not await IO's lawsuit to adjudicate this case of actual controversy. Moreover, this controversy should be adjudicated as between Polygon Studios and IO in a venue where Polygon Studios can appropriately protect its interests – as opposed to adjudication between IO and third party Matic Defendants in a court that does not have personal jurisdiction over Polygon Studios.

4. Therefore, Polygon Studios seeks a declaration from this Court – Delaware being the home state of both parties – that Polygon Studios' use of the POLYGON STUDIOS mark does not infringe any of IO's trademark rights, including the IO Marks.

## PARTIES

5. Plaintiff Polygon Studios Labs, Inc. is a Delaware corporation with its principal place of business in California. Polygon Studios is a separate legal entity and not under common ownership with Matic Network or the other Matic Defendants.

6. On information and belief, Defendant Polygon.io, Inc. is a Delaware corporation with a principal place of business in Georgia.

7. On information and belief, the non-party Matic Defendants are not residents of the United States.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9. This Court has personal jurisdiction over IO and venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1391(b)-(c) because IO is incorporated in Delaware.

## FACTUAL BACKGROUND

### *Blockchains, Generally*

10. A blockchain is a distributed ledger that uses computers, networks, cryptography, and other technology to record transactions in a secure and decentralized manner, providing a new method of digital asset recordation without the need for a centralized authority or trusted intermediary. The first notable blockchain was Bitcoin, launched in 2008. Its use case, however, is limited to recording ownership of bitcoin.

11. In 2015, the Ethereum blockchain went live, bringing a new level of complexity and innovation to blockchain technology. Ethereum and other second-generation blockchain networks added a new feature: the ability for anyone to deploy and execute decentralized applications – using smart contracts – directly on the network. With the advent of smart contracts, blockchain technology has become much more than a means to transact a single cryptocurrency (*e.g.*, bitcoin). Ethereum and other blockchains power tens of thousands of

decentralized applications of all categories where the goal is to introduce an element of digital asset ownership and recordation without the need for a trusted intermediary or centralized authority.

### *Polygon Blockchain Scaling Solutions*

12. Though revolutionary, the Ethereum network has faced significant challenges with transaction speed and scalability, including due to the high cost of "gas fees" to use the network. Enter Matic Network's proof-of-stake protocol, which was launched to overcome the scaling and infrastructure challenges baked into Ethereum's architecture by offering a second-layer blockchain solution that communicates and is compatible with the Ethereum network through a network "bridge." This allows users to "bridge" digital assets from the Ethereum network to Matic Network's proof-of-stake protocol, where activities can be performed exponentially faster and cheaper while at the same time maintaining security by committing back to the Ethereum network.

13. In early 2021, Matic Network rebranded its suite of blockchain protocols from "Matic" to "Polygon."

### *Polygon Studios*

14. Polygon Studios was publicly introduced to the world following the meteoric rise of the non-fungible token ("NFT") industry. Incorporated in Delaware and employing more than 120 U.S.-based personnel, the company's mission is to encourage builders, creators, artists, and investors in the web3 ecosystem, as well as owners of intellectual property, entertainment companies, and Internet platforms, to use Matic Network's POLYGON-branded blockchain technology solutions.

15. Polygon Studios has continuously used the POLYGON STUDIOS mark in U.S. interstate commerce in connection with its marketing and business development activities in relation to the Polygon blockchain technology solutions.

*Polygon.io*

16. On information and belief, IO is a software company that provides its users with financial market data through application programming interfaces ("APIs"). IO's customers leverage IO's APIs to access the financial data themselves, or to incorporate the data into their own applications. IO focuses on the provision of financial market data such as data for U.S. stocks, U.S. options, foreign currency exchanges, and cryptocurrencies.

17. IO claims to have provided its services under the trademarks POLYGON.IO and POLYGON since at least as early as January 2017.

18. IO is the purported owner of U.S. Registration No. 6,612,448 for the trademark POLYGON.IO for "application service provider featuring application programming interface (API) software for providing real-time and historic stock, cryptocurrency, foreign currency exchange, and other financial market data." The certificate for the POLYGON.IO registration is attached as Exhibit A.

19. On information and belief, IO provides its services to financial institutions, institutional investors, educational institutions, and government entities.

20. On information and belief, although IO provides financial data on certain cryptocurrencies, it does not itself use blockchain technology, nor does IO market, advertise, or offer any blockchain technology solutions, products or services. Rather, IO provides content in the form of financial data.

*Polygon.io's Trademark Enforcement and Threats of Litigation*

21. Despite the unmistakable difference between IO's financial data service and Polygon Studios' marketing of the POLYGON-branded blockchain solutions, IO has begun aggressively enforcing its purported rights in the IO Marks against entities and persons allegedly involved with Matic Network's POLYGON-branded blockchain solutions.

22. On March 8, 2022, IO commenced an action in the United States District Court for the Northern District of Georgia (the "Georgia Action") by filing a complaint against Matic Network and others, alleging that their use of the POLYGON trademark in relation to blockchain technology infringes IO's rights in the IO Marks. *See Polygon.io, Inc. v. Kanani, et al.*, No. 1:22-cv-964, Dkt. No. 1 (N.D. Ga. March 8, 2022).

23. The Matic Defendants moved to dismiss the Georgia Action, *inter alia*, for lack of personal jurisdiction on the grounds that IO failed to allege any U.S. or Georgia-based activities sufficient to confer personal jurisdiction over the Matic Defendants. Georgia Action, Dkt. No. 34. In response, on October 11, 2022, IO filed an Amended Complaint maintaining its infringement allegations against the Matic Defendants, and including additional allegations that implicate Polygon Studios and its use of the POLYGON STUDIOS marks. *Id.*, Dkt. No. 39. For example, the Amended Complaint refers to a "suite" of "Ethereum scaling solutions" offered under the POLYGON mark, including "Polygon Studios." *Id.*, Dkt. 39, at ¶ 38. Putting aside that Polygon Studios is a company (not an "Ethereum scaling solution") and that Polygon Studios (not the Matic Defendants) is the one using the POLYGON STUDIOS mark, the sting of IO's allegation – and the necessary implication therefrom – is that the use of the POLYGON STUDIOS mark infringes the IO Marks.

24.     Although IO identified Polygon Studios as a separate entity with its own Chief Executive Officer, Georgia Action, Dkt. No. 39, at ¶ 40(c), IO elected not to sue Polygon Studios, likely because the Georgia court would not have personal jurisdiction over Polygon Studios.  Instead, to support its allegation that the non-U.S.-based Matic Defendants have "significant and extensive business contacts in the United States," IO wrongly attributes to the Matic Defendants various activities and employees that are actually activities and employees of Polygon Studios.

25.     For example, IO points to the announcement of an NFT-related collaboration with Starbucks, Polygon Studios' sponsorship of an NFT conference in New York City, and the presence of "over 100 employees in various locations throughout the United States" as examples of U.S.-based activity by the Matic Defendants.  Georgia Action, Dkt. No. 39, ¶¶ 40(d), (f)-(h).  But these U.S.-based activities are Polygon Studios' activities, and IO's reference to "over 100 employees in various locations in the United States" is presumably a reference to Polygon Studios' approximately 120 employees in the U.S., which includes the individual specifically referenced in the Amended Complaint (Austin Cain, *id*. ¶ 40(h)).  IO even specifically refers to the social media activities of Polygon Studios' U.S.-based Chief Executive Officer, Ryan Wyatt. *Id*. ¶ 40(c).

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment of Non-Infringement**

26.     Polygon Studios repeats and realleges each and every allegation set forth above.

27.     There is no likelihood of confusion created by Polygon Studios' use of the POLYGON STUDIOS marks, including because Polygon Studios uses the mark in connection with its blockchain-focused marketing and business development efforts, which are distinct from IO's financial data API services.

28. Polygon Studios also offers its services to a different class of consumers and in a different channel of trade than IO's consumers and trade channels.

29. On information and belief, Polygon Studios' use of the POLYGON STUDIOS mark has not caused any actual confusion among the relevant consumers.

30. Due to IO's allegations in the Georgia Action directed at the acts of Polygon Studios, and IO's public trademark enforcement strategy, Polygon Studios has a reasonable apprehension that IO believes Polygon Studios is infringing IO's trademark rights and will initiate a lawsuit against Polygon Studios, seeking monetary damages as well as an injunction prohibiting Polygon Studios' use of the POLYGON STUDIOS mark. Thus, an actual, present and justiciable controversy has arisen between IO and Polygon Studios regarding Polygon Studios' use of the POLYGON STUDIOS mark.

31. Polygon Studios seeks a declaratory judgment that its use of the POLYGON STUDIOS mark does not infringe IO's alleged trademark or other rights in the IO Marks, and does not otherwise violate any of IO's alleged trademark interests under 15 U.S.C. § 1051 *et. seq*.

## PRAYER FOR RELIEF

WHEREFORE, Polygon Studios prays that this Court enter judgment in its favor on its claim for relief and award it relief, including but not limited to:

A. An order declaring that Polygon Studios' use of the POLYGON STUDIOS mark as described above does not infringe any trademark or other rights IO claims to have in the IO Marks;

B.  An order requiring IO to pay Polygon Studios' costs, expenses, and attorneys' fees in this action, pursuant to 15 U.S.C. § 1117 and other applicable statutes and laws, with pre-judgment and post-judgment interest thereon;

C.  An award of prejudgment and post-judgment interest according to law;

D.  A judgment in Polygon Studios' favor on all claims; and

E.  Such other and further relief as the Court may deem appropriate, including without limitation all remedies provided for under any other applicable laws.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38 and D. Del. LR 38.1, Polygon Studios respectfully demands a trial by jury on all issues properly triable by a jury in this action.

Dated: October 28, 2022

| | |
|---|---|
| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| FRANKFURT KURNIT KLEIN & SELZ, P.C. | */s/ Anne Shea Gaza* |
| Kimberly M. Maynard (*pro hac vice* pending) | Anne Shea Gaza (No. 4093) |
| 28 Liberty Street, 35th Floor | Robert M. Vrana (No. 5666) |
| New York, New York 10002 | Rodney Square |
| Tel: 212.980.0120 | 1000 North King Street |
| kmaynard@fkks.com | Wilmington, DE  19801 |
| | (302) 571-6727 |
| | agaza@ycst.com |
| | rvrana@ycst.com |
| Jeremy S. Goldman (*pro hac vice* pending) | |
| 2029 Century Park East | *Attorneys for Plaintiff* |
| Los Angeles, CA 90067 | *Polygon Studios Labs, Inc.* |
| Tel: 310.579.9600 | |
| jgoldman@fkks.com | |